UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARRY MEYER, et al.,

                        Plaintiffs,

-against-

THE LITERAL CO., its successors, assigns, and/or Transferees, et al.,

                        Defendants.

23-CV-6539 (JGLC)

**CHEEKS ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

       The Court has been advised that the parties are nearing a settlement in this Fair Labor Standards Act ("FLSA") case and have requested thirty (30) days to draft the settlement materials. *See* ECF No 24. Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). Rather, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). In order to determine whether an agreement is fair and reasonable under the FLSA, the Court must:

> consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citation and quotation marks omitted).

       If the settlement agreement includes a provision for attorney's fees, the Court must "separately assess the reasonableness of plaintiffs, attorney's fees." *Lliguichuzcha v. Cinema 60,*

*LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel must submit evidence providing a factual basis for the [attorney's fees] award." *Wolinsky*, 900 F. Supp. 2d at 336.

The Court also must closely scrutinize any release, confidentiality or non-disparagement provisions included in a proposed settlement. *See, e.g.*, *Arango v. Scotts Co., LLC*, No. 17-CV-7174 (KMK), 2019 WL 117466, at *4 (S.D.N.Y. Jan. 7, 2019); *Illescas v. Four Green Fields LLC*, No. 20-CV-9426 (RA), 2021 WL 1254252, at *1–2 (S.D.N.Y. Apr. 5, 2021); *Velandia v. Serendipity 3, Inc.*, No. 16-CV-1799 (AJN), 2018 WL 3418776, at *3 (S.D.N.Y. July 12, 2018). Therefore, it is hereby:

ORDERED that by **January 22, 2024**, if the parties have finalized a settlement agreement, the parties provide this Court with the terms of the settlement in order to ensure that, in compliance with the FLSA, they are fair and reflect a reasonable compromise of disputed issues.

IT IS FURTHER ORDERED that, along with the terms of the settlement, the parties shall provide this court with a joint letter of no more than five (5) pages explaining why they believe the settlement reflects a fair and reasonable compromise of disputed issues. Such letter should include, but need not be limited to, information concerning the five (5) factors identified above.

IT IS FURTHER ORDERED that, if the agreement includes a provision for attorney's fees, the parties submit evidence providing a factual basis for the attorney's fees award. Such basis should include "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015).

IT IS FURTHER ORDERED that, if the agreement includes a release, confidentiality or non-disparagement provision, the parties shall provide support for each provision, including citations to relevant caselaw.

IT IS FURTHER ORDERED that the deadlines in this case are adjourned for a period of thirty (30) days.

Dated: December 22, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge